# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

**BILLIE JONES**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**RAILROAD CONSULTANTS, PLLC,**

    Defendant.

Case No.:

**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BILLIE JONES (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and GREG COLEMAN LAW PC, files this Collective Action Complaint against Defendant RAILROAD CONSULTANTS, PLLC, and states as follows:

1. Plaintiff, an Observer employed by Defendant, brings this action individually and on behalf of all other similarly situated Observers to recover (i) unpaid overtime compensation, (ii) liquidated damages, (iii) attorneys' fees and costs, all pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and (iv) declaratory relief pursuant to 28 U.S.C. § 2201.

2. Defendant willfully violated the FLSA's overtime requirements by:

    a. Paying Observers straight-time for overtime, i.e. their regular hourly rate for hours worked in excess of 40 in a workweek; and

    b. Failing to pay Observers for time spent attending mandatory briefings.

3. As a result, there were many weeks in which Plaintiff and other Observers did not receive overtime compensation at a rate of one-and-one-half (1.5) times their rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all Observers who worked for Defendant at any time within the period of

three years prior to the commencement of this action and the date of judgment. Plaintiff reserves the right to amend this definition as necessary.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, et seq.

6. The Court has personal jurisdiction over Defendant because Defendant is registered and incorporated in Tennessee.

7. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

PARTIES

**Defendant**

8. Defendant Railroad Consultants, PLLC is a for-profit corporation registered in Tennessee, with its principle office address at 21 Uptown Square, Murfreesboro, Tennessee 37129, and registered agent Percy E. Dempsey III.

9. Defendant provides third-party engineering and consulting services for railroad construction projects.

**Plaintiff**

10. Plaintiff Billie Jones is a resident of Mecklenburg County, North Carolina.

11. Plaintiff was employed by Defendant from approximately May 12th, 2016 through January 22nd, 2019 as an Observer for railroad projects serviced by the Defendant.

12. Plaintiff performed work for Defendant in various states including Georgia, Virginia, Pennsylvania, and Kentucky.

13. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

**FLSA COVERAGE**

14. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

15. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

16. At all relevant times, Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the gross revenue of Defendant was in excess of $500,000.00 per annum.

18. At all relevant times, Defendant had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all relevant times, Plaintiff was "engaged in commerce" and thus subject to the individual coverage of the FLSA.

## FACTUAL ALLEGATIONS

20. Defendant provides third-party engineering and consulting services for railroad construction projects.

21. Defendant employs Observers to monitor construction workers.

22. Observers duties include, but are not limited to:
    a. Monitoring stretches of railroad tracks for oncoming train traffic
    b. Ensuring construction projects are completed safely by workers through guidance of Observers
    c. Ensuring company materials and railroad property are secured
    d. Reporting Monday mornings at 6:00 a.m. for weekly safety briefings

23. Defendant pays Observers on an hourly basis for some, but not all of the hours they work.

24. Defendant does not pay its Observers time-and-a-half of their regular rates of pay for hours worked over forty (40) in a workweek.

25. Rather, to the extent Observers are paid for hours worked in excess of forty (40) in a workweek, it is at their regular hourly rate.

26. Defendant requires its Observers to attend mandatory telephonic safety briefings which typically occur on Monday mornings at 6:00 am.

27. Defendant does not pay its Observers for time spent attending mandatory telephonic

safety briefings.

28. For example, in the biweekly pay period of November 1, 2018 – November 15, 2018, Defendant paid Plaintiff for 95.5 hours of "Regular Pay" at a rate of $25.00 per hour, and for an additional 30.5 hours of pay (incorrectly) denominated as "Overtime" pay at a rate of $25.00 per hour. Plaintiff did not receive time-and-a-half of his regular rates of pay for hours worked over forty (40) in either of the two workweeks comprising this pay period, and was not paid for time spent attending mandatory telephonic safety briefings.

29. Defendant's failure to pay Plaintiff and other Observers proper overtime compensation as required under the FLSA was knowing and willful.

30. Defendant failure to Plaintiff and other Observers proper overtime compensation was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

## **COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

32. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and on behalf of the "FLSA Collective," to be defined as:

> *All Observers who worked for the Defendant at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

33. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are performing the same or similar job duties as one another; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

34. Members of the FLSA Collective are all non-exempt employees of Defendant.

35. Defendant failed to pay members of the FLSA Collective, including Plaintiff, proper overtime compensation.

36. Defendant's failure to compensate Plaintiff properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

37. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies put in practice which resulted in not being paid proper overtime compensation applies to all members of the FLSA Collective.

38. Plaintiff estimates the FLSA Collective, including other similarly situated Observers over the relevant period, will include over one hundred members. The precise number of persons eligible to join the FLSA Collective should be readily ascertainable from a review of Defendant's personnel and payroll records.

**COUNT I**
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

39. Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

40. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

41. Plaintiff and other Observers regularly worked more than forty hours a week.

42. Defendant failed to pay Plaintiff and the other Observers overtime compensation at a rate not less than one and one half times their regular rate of pay for hours worked in excess of

forty per workweek, as required by the FLSA.

43. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

44. As a result of the foregoing, Observers, including Plaintiff, were illegally denied proper compensation and overtime compensation earned at the premium rate, in amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Billie Jones, on behalf of himself and all other putative FLSA Collective members, respectfully requests that this Court grant the following relief:

A. Certification of this action as a collective action on behalf of the members of the FLSA Collective and appointment of Plaintiff and his counsel to represent the Collective;

B. An ordering directing Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other putative FLSA Collective members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including by publication of notice in a manner that is reasonably calculated to apprise the class members of their right to join and participate in this lawsuit pursuant to 29 U.S.C. § 216(b);

C. An order directing Defendant, at their expense, to investigate and account for the number of hours worked by Plaintiff and all Observers who opt-in to this action;

D. An award of damages for all unpaid overtime compensation;

E. An award of liquidated damages in an amount equal to all unpaid overtime compensation;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

G. Judgment for any and all civil penalties to which Plaintiff and the Collective may be entitled;

H. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees;

I. An incentive award for Plaintiff; and

J. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Billie Jones, individually and on behalf of all other similarly situated Observers, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: June 19, 2019            RESPECTFULLY SUBMITTED,

By: s/Gregory F. Coleman
Gregory F. Coleman, TN Bar #014092
Lisa A. White, TN Bar #026658
Justin G. Day, TN Bar #033267
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865)-247-0080/F: (865)-522-0049
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
justin@gregcolemanlaw.com

*Local Counsel for Plaintiff*

Nicholas Conlon*
Jason T. Brown*
BROWN, LLC
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Will seek admission pro hac vice

*Lead Counsel for Plaintiff*